[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10324
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00041-CV-5

IDELLE M. BOATRIGHT,
by and through her Legal Guardian,
Greggory D. Boatright,
Individually and as Spouse of  Edward D. Boatright, Deceased,

Plaintiff-Appellant,

BETTY J. BOWLING,

Plaintiff,

versus

R.J. CORMON RAILROAD COMPANY/MATERIAL SALES,
CHAD E. MCKINNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 2, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order granting the "Verified Petition to Approve Settlement" that was filed by Greggory D. Boatright, a co-guardian for his mother, Idelle Boatright, who is incapacitated with Alzheimer's disease. After review, we affirm.

In the underlying wrongful-death action, which was before the district court based on diversity jurisdiction, Idelle Boatright, by and through her son Greggory, sued R.J. Cormon Railroad Company/Material Sales ("R.J. Cormon") and Chad McKinney for damages resulting from the death of Idelle's husband, Edward Boatright, who was killed instantly when a vehicle in which he was traveling collided with a tractor-truck owned by R.J. Cormon and operated by McKinney. Because Edward Boatright died intestate, parallel probate proceedings took place in the Probate Court of Ware County, Georgia.

In the district court, after mediation, the parties reached a settlement of the wrongful-death claim, in the amount of $295,000.00, and filed a Stipulation of Dismissal with Prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The district court sua sponte reserved ruling on the Stipulation, noting that an incompetent (Idelle Boatright) was a party to the action and ordering the

2

parties to review Rule 17.1 of the Local Rules of the District Court for the Southern District of Georgia, which is entitled "Minors, Wards, and Incompetents" and provides, in pertinent part, the following:

(a)  No action to which a party is a minor, an incompetent adult under guardianship of person and/or property or other person suffering under a mental disability shall be compromised, settled, discontinued, or dismissed except after approval by the Court pursuant to a petition presented by the guardian or personal representative of such party, such as the circumstances might require.

. . . .

(c)  When a compromise or settlement has been so approved by the Court or when a judgment has been entered upon a verdict or by agreement, the Court, upon petition by the guardian or any party to the action, shall make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise, settlement, or judgment; or the Court may make such order as it deems proper fixing counsel fees and other proper expenses. The Court may then order the balance of the fund to be paid to the guardian of the person or estate of such person qualified to receive the fund. Such order may provide for the investment of said fund, if appropriate, and the filing of periodic returns by such guardian or personal representative, accounting for the encroachment upon or expenditure of said fund.

(emphasis added).

Thereafter, Greggory Boatright, as a co-guardian for his mother, filed a "Verified Petition to Approve Settlement" to which he attached the following items: (1) a contingency fee agreement, executed by Greggory Boatright and the law firm

3

which brings this appeal, providing that Greggory Boatright agreed to pay counsel 40% of any recovery received in settlement of the wrongful-death claim at mediation or prior to trial; (2) an itemization of costs owing to the law firm in the amount of $12,691.34; (3) a Settlement Statement indicating that from the $295,000.00 gross recovery from the defendants, $118,000.00 would be allocated for attorneys' fees, Idelle Boatright would receive $54,769.54, and each of the eight Boatright children would receive $13,692.39; and (4) a copy of an order from the Probate Court of Ware County approving the settlement.

Thus, according to the terms of the settlement agreement, the parties proposed allocating the $295,000.00 in settlement proceeds as follows: one-third of the proceeds to Idelle Boatright and the remaining two-thirds divided between the Boatrights' eight children in equal shares. In its order on the Local Rule 17.1 Petition, the district court approved settlement of the wrongful-death claim but ordered the following allocation of the attorneys' fees and costs:

> Plaintiffs' counsel shall not charge in excess of 25% attorney fees against the share of the settlement allocated to Idelle Boatright. Thus, as to Ms. Boatright's one-third share of $98,333.33, Plaintiffs' counsel shall not charge in excess of $24,583.33.
>
> However, the share of the settlement allocated to the Boatright children may be charged subject to the contract rate [of 40%]. Thus, as to the remaining two thirds of the settlement, or $196,666.67, Plaintiffs' counsel may charge up to 40%, or $78,666.67.

In addition, all expenses of litigation shall come out of the children's portion of the settlement. The Court approves the total itemized costs of $12,691.34. But no portion of these expenses shall be charged to Idelle Boatright.

Greggory Boatright, acting as a legal guardian for Idelle Boatright, filed a Notice of Appeal, challenging the district court's order insofar as it modified (in Idelle's favor) the contingency percentage as to Ms. Boatright's portion of the settlement proceeds. Plaintiff's counsel, acting on behalf of Greggory Boatright as guardian for his mother, also moved for reconsideration, arguing that counsel would not have agreed to represent Greggory Boatright, as guardian for his mother, for a reduced contingency fee.

In its order denying reconsideration, the district court reiterated that Local Rule 17.1 required the court to make an independent evaluation of the settlement. The district court, exercising the independent judgment required by Rule 17.1, found, "in light of Ms. Boatright's incapacitation with Alzheimer's disease, [that] . . . 40% attorney fees [is] excessive" and that "the 40% contract rate resulted in excessive fees charged against the incapacitated party." The court observed the following:

> In the motion for reconsideration, Plaintiffs' counsel states that he would not have agreed to represent Plaintiff for a reduced contingency fee of 25% in light of the disputed issue of liability in this case. However, the Order approving the settlement did not reduce the fees to 25% with respect to the full settlement, but instead only reduced with respect to Ms. Boatright's portion. By the Court's calculation, the

effective rate of attorney fees pursuant to the Order was 35%. Thus, the Order resulted in only a 5% net reduction in attorney fees, and not a 15% reduction as counsel suggests.

(footnote omitted). The district court then explained in a footnote how it arrived at 35% as the effective rate: "The total settlement is $295,000.00. As to Ms. Boatrights' 1/3 share of $98,333.33, the Court reduced the rate to 25%, or $24,583.33. As to the children's 2/3 share of $196,666.67, counsel were entitled to charge the contract rate of 40%, or $78,666.67. This results in total attorney fees of $103,250.00, which is 35% of the total settlement of $295,000.00." If the district court had not ordered a reduction in the amount of fees attributable to Idelle Boatright, and counsel recovered 40% of the net award, the fee award would amount to $118,000.00. Thus, the difference at issue in this appeal is $14,250.00. In the Appellant's brief, Ms. Boatright's counsel argues that she should pay this amount, pursuant to the terms of the contingency agreement executed by her son.

The issues raised in Appellant's brief concern the district court's jurisdiction, and authority under Local Rule 17.1, to order that the portion of attorneys' fees attributed to and charged against Idelle Boatright could not exceed 25% of the settlement proceeds awarded to her. The Appellees, defendants in the underlying wrongful-death action who have agreed to pay a gross settlement amount of

$295,000.00, filed a Notice of Waiver waiving their right to file an answer brief and stating that they do not oppose the relief requested.

Counsel, representing the guardian of Ms. Boatright, appeals from the judgment in favor of his client and granting the "Verified Petition" counsel filed. The filing of a "Verified Petition" was mandated by the Local Rules of the District Court for the Southern District of Georgia and the Petition was subject to the requirements of Local Rule 17.1, of which we assume counsel was aware. That rule expressly requires the district court to "make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise, settlement, or judgment; or the Court may make such order as it deems proper fixing counsel fees and other proper expenses." Exercising its authority under Rule 17.1, the district court fixed the fees chargeable to the incapacitated Idelle Boatright at 25%, a modification of the contingency percentage (which the district court found to be unreasonable, in light of Ms. Boatright's incapcity) that worked in Ms. Boatright's favor. In essence, counsel seeks this Court to order his client, Ms. Boatright, to pay an additional $14,250.00 in attorneys' fees, for a total fee award that the district court found to be unreasonable in light of Ms. Boatright's incapacitated state.

Our decision in <u>Hoffert v. Gen'l Motors Corp.</u>, 656 F.2d 161 (5th Cir. Unit A Sept. 1981),[1] is instructive. In <u>Hoffert</u>, plaintiff's counsel appealed from an order reducing a contingency-fee award recoverable from the plaintiffs, who included a minor represented by a guardian ad litem. We affirmed the district court's <u>sua sponte</u> decision to limit plaintiff's counsel's recovery because counsel had invoked the court's power by asking it to approve a settlement agreement. <u>Id.</u> at 164-65. We noted that "the district judge has broad equity power to supervise the collection of attorneys' fees under such fee arrangements." <u>Id.</u> at 165. Where an attorney "invokes the court's equitable power to approve a settlement agreement to distribute the proceeds, the court must scrutinize the reasonableness of the contingent attorneys' fee contract which affects the net recovery to the plaintiff." <u>Id.</u> (citing <u>Cappel v. Adams</u>, 434 F.2d 1278, 1280-81 (5th Cir. 1970)).

Pursuant to our binding precedent, as well as the express mandate of Local Rule 17.1 concerning settlements and the payment of attorneys' fees pursuant to such settlements involving an incapacitated party, we are wholly unpersuaded by counsel's arguments. The decision to reduce the contingency-fee percentage was well within the district court's discretion. Accordingly, we affirm.

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (<u>en banc</u>), we adopted as binding precedent all cases decided by the Fifth Circuit, including both Units A and B, prior to the close of business on October 1, 1981.

**AFFIRMED.**